David C. Van Parys Leavenworth County Counselor
300 Walnut Leavenworth, Kansas 66048
Dear Mr. Van Parys:
As Leavenworth County Counselor you inquire whether the use of funds collected pursuant to K.S.A. 2009 Supp. 28-115[1] for the acquisition of equipment and technological services may be used for salaries and benefits of employees in the Register of Deeds office. *Page 2 
You inform us that the Leavenworth Recorder of Deeds has used some of the funds collected in the technology fund for salaries and benefits of several employees who scan plats, check for completeness and accuracy of microfilmed documents and index records. The question you ask is whether these expenditures are allowable within the statutory parameters of K.S.A. 28-115a.
Since July 1, 2002, the Register of Deeds in each county charges and collects an additional fee of $2 per page for recording:
 (1) The first page of any deeds, mortgages or other instruments of writing, not to exceed legal size — 8 ½" x 14";
 (2) The second page and each additional page or fraction of any deeds, mortgages or instruments of writing; and
 (3) Releases or assignment of real estate mortgage.[2]
Once collected, the funds are deposited into a register of deeds technology fund and must be used as provided in K.S.A. 2009 Supp. 28-115a.[3] The funds may only be used to "acquire equipment and technological services for the storing, recording, archiving, retrieving, maintaining and handling of data recorded or stored in the office of the register of deeds."[4] The legislature did not include any definitions within the statute. Therefore, we must look to the language in the statute for guidance.
 The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.[5]
 Although ordinary words are to be given their ordinary meanings, `[t]echnical words and phrases, and other words and phrases that have acquired a peculiar and appropriate *Page 3 
meaning in law, shall be construed according to their peculiar and appropriate meanings.'[6]
The description of the fund created as a "technology fund" and the modification of the term "services" by "technological" provides a clear indication that the legislature intended that the funds only be used for technological enhancements to activities in place prior to the adoption of the statute and activities initiated subsequent to the acquisition of equipment or technology. It is also noteworthy that when the legislature described the permitted uses of the technology funds, it used the term "data" that is recorded or stored in the register of deeds office. The term "data" refers to information that can be digitally transmitted or processed.[7] The legislature could have used the word "documents," but chose the word "data." Johnson County, the initial proponent for the technology fund, indicated that the funds would be dedicated to computer systems and electronic storage of documents.[8] Accordingly, it would seem the intent of the statute was to provide funds for the hardware (equipment) and software, including installation, upgrades and ongoing technical support to convert the records, both new and existing, to an electronic format.
Eighteen months after the additional fees were authorized and the technology fund created, the Legislative Division of Post Audit reviewed the amount of funds collected and how those funds were used.[9] Information about technology receipts and expenditures were gathered from 20 counties.[10] A more thorough review was conducted for expenditures in Johnson, Reno and Shawnee Counties.[11] No expenditures were noted for staff salaries in the three counties examined. However, of the responses provided by the remaining seventeen counties, there was an indication that future expenditures may include "furniture, travel, salaries, and paper supplies."[12] Legislative Post Audit noted that those proposed expenditures "wouldn't be appropriate under current law."[13]
Despite this comment, salaries may be an appropriate expenditure provided the activities performed by staff are related to the storing, recording, archiving, retrieving, maintaining, and handling of data recorded or stored in the office of the register of deeds. For example, staff salaries to scan and index data, if done electronically, would *Page 4 
be permissible. In short, expenditures from the technology fund are appropriate where a reasonable nexus exists between the expenditure and the electronic storing, recording, archiving, retrieving, maintaining, and handling of data recorded or stored in the office of the register of deeds.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] As amended by L. 2010, Ch. 44, § 16.
[2] K.S.A. 2009 Supp. 28-115(b), as amended by L. 2010, Ch 44, § 16.
[3] Id.
[4] K.S.A. 2009 Supp. 28-115a(c). At the end of the calendar year, any funds in excess of $50,000 may be transferred by the county commissioners to other county offices for equipment or technological services relating to the land or property records filed or maintained by the county. (See
K.S.A. 2009 Supp. 28-115a(g).)
[5] State v. Johnson, 289 Kan. 870, 879 (2009) citingWilliamson v. City of Hays, 275 Kan. 300, 305 (2003).
[6] Id. citing In re Vanderblomen,264 Kan. 676, 680 (1998).
[7] Merriam-Webster Dictionary On Line edition at http://www.merriam-webster.com/dictionary/data.
[8] Minutes, Senate Committee on Elections and Local Government, February 19, 2002. Testimony provided by Becky Gilmore-Davis, Register of Deeds, Johnson County.
[9] State of Kansas Legislative Division of Post Audit, Register of Deeds Technology Fund: Reviewing the Amounts Collected and the Uses of Those Moneys, 04-17 (April 2004).
[10] Id. at 7.
[11] Id. at 5.
[12] Id. Emphasis added.
[13] Id. *Page 1